## In re: PET FOOD PRODUCTS LIABILITY LITIGATION

Winston David Snell, et al. v. Dick Van Patten's Natural Balance Pet Foods, Inc., et al., S.D. Texas, C.A. No. 6:07–66.

**MDL No. 1850.**

United States Judicial Panel on Multidistrict Litigation.

April 8, 2008.

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel *:** Plaintiffs and defendant Natural Balance Pet Foods, Inc. (Natural Balance) have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), asking the Panel to vacate its order conditionally transferring the *Snell* action to the District of New Jersey for inclusion in MDL No. 1850. Defendant Wilbur–Ellis Co. (Wilbur–Ellis) opposes the motions.

After considering all argument of counsel, we find that *Snell* involves common questions of fact with actions in this litigation previously transferred to the District of New Jersey, and that transfer of *Snell* to the District of New Jersey for inclusion in MDL No. 1850 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of

* Judge Scirica did not participate in the disposition of this matter.

this litigation. We further find that transfer of *Snell* is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of New Jersey was a proper Section 1407 forum for actions involving allegations relating to the recalls of pet food products allegedly tainted with melamine contained in components imported from China. *See In re Pet Food Products Liability Litigation,* 499 F.Supp.2d 1346 (J.P.M.L.2007).

Plaintiffs and Natural Balance argue against transfer that unique questions of fact in *Snell* predominate over any questions of fact that *Snell* may share with the actions in MDL No. 1850, because (1) the allegedly tainted component in the pet food at issue in *Snell* is rice protein concentrate, rather than wheat gluten, as found in most MDL No. 1850 actions; (2) *Snell* involves unusually large financial loss and numbers of pets; and (3) *Snell* includes claims based on pet food being advertised as "Made in America." Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Currently pending MDL No. 1850 actions are not limited to claims involving wheat gluten; nor are the *Snell* factual allegations much different As in MDL No. 1850, the *Snell* claims are concerned with the recall of allegedly contaminated pet food products that contained components manufactured in China.[1] It may be, on further refinement of the issues and close scrutiny by the transferee judge, that *Snell* or any separable claims could be remanded under 28 U.S.C. § 1407(a) to the Southern District of Texas. If the transferee judge deems remand of *Snell* or any of its separable claims to

become appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Snell* is transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Noel L. Hillman for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

---

1. In this respect, *Snell* is distinguishable from *Picus v. Wal–Mart Stores, Inc., et al.,* No. 2–07–686 (D.Nev.), in which we granted a motion to vacate. The *Picus* claims arose solely from allegedly deceptive representation regarding the geographic origin of the pet food products, rather than from the death or illness of a pet. The pet food recalls were only tangentially related to the *Picus* action insofar as they brought to light the fact that some pet food components were not manufactured in the United States, as advertised.